UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN J. ROBBINS, SR.,

Plaintiff,

v.                                          CAUSE NO. 3:23-CV-220-JD-MGG

INDIANA STATE OF, et al.,

Defendants.

OPINION AND ORDER

Steven J. Robbins, Sr., a prisoner proceeding without a lawyer, filed a complaint
under 42 U.S.C. § 1983. (ECF 2.) As required by 28 U.S.C. § 1915A, the court must screen
the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief against a defendant who is
immune from such relief. To proceed beyond the pleading stage, a complaint must
contain sufficient factual matter to "state a claim that is plausible on its face." *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when
the pleaded factual content allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
Because Mr. Robbins is proceeding without counsel, the court must give his allegations
liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Robbins is incarcerated at Indiana State Prison (ISP). He alleges that on
January 1, 2021, he went to ISP's medical unit "to receive a special procedure for elder
inmates." He claims that a "room physician tech" placed a "wooden swab" up his nose,

which "breached [his] minibrain causing blood to come out [his] right nostril." (ECF 2 at 2.) The procedure then ended. Approximately 10 days later, he was called to the medical unit for a blood draw. He claims that he noticed a female corrections officer in the medical unit "adjust some type of face covering over her face," which caused him concern. He told her that "she was acting like 'Count Dracula's' daughter," at which point he "experienced some type of elusion" causing the lights to spin and his knees to go weak. (*Id.* at 2.) He believes he was attacked with "some type of 'chemical agent'" like "pure ammonia." (*Id.* at 3.) He left the medical unit and made his way back to his cell, but upon his arrival an officer told him that the nurse wanted him to go back to the medical unit. He refused, and claims he was "physically attacked with a chemical agent" a second time. Based on these events, he seeks $50 million in damages and for criminal charges to be brought against the defendants, which include the State of Indiana, former Indiana Attorney General Curtis Hill, Warden Ron Neal, a state police officer, and others.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is evident that Mr. Robbins is suing over events occurring in January 2021, and he filed this complaint in

March 2023, more than two years later.[1] Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted when it is clear that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

Assuming he could overcome the untimeliness problem, the court finds his allegations that he was attacked with a "chemical agent" while in the medical unit and that a medical technician "breached" his "minibrain" in the realm of "fantastic" or "delusional."[2] *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). As to the second incident of an alleged "chemical agent," he may be trying to allege that a guard used pepper spray on him, but he does not provide enough detail about who did this, what exactly happened, and what symptoms he experienced afterward for the court to infer a plausible excessive force claim. He makes clear that he refused an order, and inmates "cannot be permitted to decide which orders they will obey, and when they will obey them." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (citation omitted). There is insufficient factual content to plausibly suggest "actual malice or sadistic purpose" on the part of the guard. *Id.* To the extent he is trying to initiate federal criminal charges against any of the defendants, he

---

[1] The court accepts this is as the operative filing date because Mr. Robbins did not fill in the date on the signature line of the complaint. (ECF 2 at 4.) Notably, he signed and dated the motion for leave to proceed in forma pauperis submitted with the complaint on March 17, 2023. (ECF 3 at 1.)

[2] He attaches a number of exhibits to his complaint but they do not illuminate his claims. (ECF 2-1.) Among the documents he submits are a pass for a walking stick, a letter from the American Civil Liberties Union in response to an apparent request he sent them seeking help in bringing criminal charges against someone, and a response to a fan letter he sent to the "Tupac Amaru Shakur Foundation." (*Id.* at 1, 2, 4.)

has no authority to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

Additionally, liability under 42 U.S.C. § 1983 is based on personal responsibility. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Most of the defendants are not mentioned by name in the narrative section of the complaint, and there is no basis to presume that the Warden, a state police officer, or the former Indiana Attorney General had any personal involvement in these events. His allegations about the "Defendants" collectively are insufficient to state a claim under notice pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). Moreover, the State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983, and any claim for damages against the State or the former Attorney General would be barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

Therefore, Mr. Robbins has not stated a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes he can state a timely federal claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **July 14, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 12, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT