UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN J. ROBBINS, SR.,

    Plaintiff,

        v.                                  CAUSE NO. 3:23-CV-220-JD-MGG

INDIANA STATE OF, et al.,

    Defendants.

OPINION AND ORDER

Steven J. Robbins, Sr., a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 11.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Robbins is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court screened Mr. Robbins' original complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A. (ECF 10.) The court afforded him an

opportunity to file an amended complaint before dismissing the case. (*Id*.) He responded by filing the present amended complaint.¹

Mr. Robbins is incarcerated at Indiana State Prison. His claims stem from an incident occurring in January 2021. As he describes it:

> Two medical techs lured me over to the medical center for a false medical procedure. Two correctional officers & one medical tech lured me downstairs. . . then exposed me to a chemical nerve agent laced with ammonia, almost causing my death & in a 2 year period caused me to go blind.

(ECF 11 at 2.) He does not provide any other details about this incident, and the only relief he seeks is for the responsibile parties to be arrested and criminally prosecuted. (*Id.* at 4.) He names Warden Ron Neal and the Indiana Department of Correction as defendants. (*Id.* at 1.)

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is evident that Mr. Robbins is suing over an incident occurring in January 2021, and he filed his original complaint in March 2023, more than two years later.² Untimeliness is an affirmative

---

¹ The amended complaint is unsigned, which does not comply with Federal Rule of Civil Procedure 11. However, it can be discerned that Mr. Robbins has a vision impairment and that he had difficulty completing the complaint form. In this instance, the court will overlook the procedural deficiency.

² I will presume for purposes of this opinion that the amended complaint "relates back" to the original complaint under Federal Rule of Civil Procedure 15(c).

defense, but dismissal at the pleading stage is permitted when it is clear from the face of the complaint that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). The court has considered that, in his view, the full effects of this incident manifested over time, but it is evident from his allegations that he was aware of an incident occurring in January 2021 that allegedly caused him injury. Yet he waited until March 2023 to file suit. The court alerted Mr. Robbins to the timeliness problem in the original screening order, but he offers no new information to suggest that this lawsuit was timely filed.

Additionally, the State of Indiana is not a "person" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). Nor is there any apparent basis for holding the Warden personally liable. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Furthermore, Mr. Robbins has no authority to initiate criminal charges against anyone. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."). Finally, while it is regrettable that he has lost his vision, the court finds his allegations about being "lured" to an area of the prison by a medical technician and others and sprayed with a "nerve agent laced with ammonia" for no apparent reason in the realm of "fantastic" or "delusional." *See Neitzke*

*v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Therefore, the amended complaint does not state a claim upon which relief can be granted. The court has already permitted him an opportunity to amend his complaint and finds no basis to conclude that if given another opportunity, he could state a timely, plausible federal claim based on what he has already alleged. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court DISMISSES this case under 28 U.S.C. § 1915A, and DIRECTS the clerk to close the case.

SO ORDERED on July 28, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT